JOEL FRATER, *Plaintiff in Error,* v. BAYLEN STREET WHARF COMPANY, A CORPORATION, *Defendant in Error.*

STREETS ABUTTING NAVIGABLE WATERS—EXTEND WITH SHORE LINE.
—WHARFAGE.

1.  The rule of law is well settled that a public street leading to navigable waters will keep even pace with the extension of the land, whether the change in the land be due to natural causes, or to the voluntary act of the owner of the land.

2.  When the shore line of a public street in a city fronting upon navigable waters has been extended out by natural or artificial causes, such public street keeps even pace with such extension of the shore line, and when such extension reaches privately owned abutting property the owner of such abutting property has the right to the full and free use of such extended street to and from his abutting property, and when such abutting owner lands goods from water craft directly upon his own abutting property, he has the right to transport such goods across or along such extension of the street without liability to wharfage charges for the use of such extended street.

This case was decided by the court En Banc..

Writ of Error to the Circuit Court for Escambia County.

The facts in the case are stated in the opinion of the court.

*Sullivan & Sullivan* and *Blount & Blount & Carter*, for Plaintiff in Error;

*Maxwell & Reeves,* for Defendant in Error.

TAYLOR, J.—The defendant in error as plaintiff below sued the plaintiff in error as defendant below in the Circuit Court of Escambia County in an action of assumpsit for the recovery of wharfage alleged to be due for the use of the plaintiff's wharf in loading lumber and shingles thereon. The defendant filed a plea of never was indebted as alleged. The cause was submitted to the Circuit Judge for trial upon both the law and facts, a jury being waived. Judgment was rendered in favor of the plaintiffs for the full amount of its claim, and for review of this judgment the defendant brings the case here by writ of error.

Motion for new trial was made on the ground in substance that the facts did not justify a recovery in law. The following plat of the premises shows the *locus in quo:*

By reference to this map Baylen Street was one of the original streets of the City of Pensacola, running North and South through the city with its South end abutting on the waters off Pensacola Bay. What is designated on said map as being "Main Street" was the original shore line, and from this point many years ago Baylen street was extended South into the waters of the bay in the shape of a wharf or pier originally constructed of wooden piling and planks.

As time went by this wharf extension of Baylen Street was filled in with earth and stone to a point South of what is designated on said map as "W. Cypress Street," and on the West Side of said Baylen Street all of the lots and intermediate cross streets between Main Street and West Cypress Street were filled in above high water mark with earth and stone and converted into solid ground. On the East Side of said Baylen Street the original shore line has been extended South to the South line of what is designated on said map as "W. Cedar Street."

By said map which is a partial reproduction of an official survey and map of the City of Pensacola duly approved and adopted by said City, the shallow submerged lands lying along the water front of said City appear to have been surveyed, platted and laid out into numbered lots or blocks with named intersecting streets. According to said map and the facts in proof, the original *shore line,* formerly along Main Street, has been extended South on the West Side of Baylen Street and including said street to a point South of W. Cypress Street, and from thence such shore line runs Eastwardly across Baylen Street, thence North along the East Side of said Baylen Street to the South line of W. Cedar Street, thence East along the South line of W. Cedar

Street to within a short distance of South Palafox Street, thence in a Southerly direction to a point in Palafox Street where W. Pine Street intersects the same. The defendant occupies a building and platform constructed upon wooden piling located on the East Side of Baylen Street on the Northwest corner of Lot thirty-five (35) designated on said map as the Bagdad Sash Factory, said building abutting on Baylen Street which at that point, in consequence of being filled in, constitutes the present shore line. On the South and East Sides of the defendant's building and platform light draft vessels can navigate and discharge their cargoes on the defendant's platform or wharf, but North of the defendant's building and between it and the present shore line at West Cedar Street the water is shallow so that nothing but very small boats can go in there. On the East Side of Baylen Street and South of the defendant's building the plaintiff keeps said Baylen Street bulkheaded or perpendicularly boarded in so that vessels can land there and discharge their cargoes, but on the North Side of the defendant's building the Eastern bank of the street slopes down into the water so that no vessel can land there, and the plaintiff does not keep up any appliances there for the discharge of their cargoes. On both sides of said Baylen Street, South of said Main Street, dwelling and business houses have been erected upon the filled in lots. The proofs show that for many years the City authorities of Pensacola have exercised governmental control over that part of Baylen Street that has been extended South from its original terminus at Main Street, and as far out as it has been converted into solid ground by the process of artificial filling, the City has for years repaired it and kept it up as it has done all of the City's other streets. The defendant landed the goods for which the wharfage charges are claimed by the plaintiff on his own

platform or wharf located on Lot thirty-five (35) and transported a part of them across Baylen Street to a storage lot across the street, and part of them he hauled up Baylen Street into the City.

The contention of the plaintiff below is that the whole extension of said Baylen Street from its original terminus at Main Street clear out to the end of its present terminus at deep water is still the wharf of plaintiff and that it is entitled to wharfage upon all goods landed upon said extension from the water at any point South of Main Street.

This contention we cannot sustain. The rule of law is well settled that a public street leading to navigable waters will keep even pace with the extension of the land, whether the change in the land be due to natural causes, or to the voluntary act of the owner of the land.

Mark v. Village of West Troy, 151 N. Y. 453, 45 N. E. Rep. 842; Dana v. Graddock, 66 N. H. 593, 32 Atl. 757; Hoboken Land and Improvement Co. v. Mayor, 36 N. J. L. 540; People v. Lambier, 5 Denio (N. Y.) 9; Mayor of Jersey City v. Morris Canal and Banking Co., 12 N. J. Eq. 547; Newark Lime and Cement Co. v. Mayor of Newark, 15 N. J. Eq. 64; Gould on Waters (3rd ed.) Sec. 157.

It appears from the proofs that the defendant below is the lessee of the owner of Lot thirty-five (35) upon which his building and platform or wharf is located and that this building and lot abuts upon the present shore line of the East Side of Baylen Street as the same has been extended out by the process of artificial filling.

The goods for which the wharfage is claimed were not landed from the vessels on any part of the plaintiff's wharf, but were landed from such vessels directly on the premises of the defendant on said Lot number thirty-

five (35) and from there were hauled in wheeled ve-
hicles across Baylen Street as extended to a storage lot
on the opposite side of the street and up Baylen Street
into the City.    Under these circumstances the plaintiff
below had no right in law to a recovery of wharfage
charges on such goods.

We do not mean to be understood in what has been
said as holding that the plaintiff has no right to collect
wharfage upon goods landed upon any part of Baylen
Street that has been filled in and made solid ground sim-
ply from the fact of its having been so converted into
solid ground, since the plaintiff is entitled to such wharf-
age upon all goods landed directly from vessels upon such
street as extended at any point thereon that comes in
direct contact with public navigable water whether it be
at the Southern end of such street as extended into the
water or on the sides thereof that are washed by public
navigable waters, and whether such extension of the
street be temporary wooden piling or permanently con-
structed of earth and stone; but under the facts of this
case we do hold that when the shore line of such public
street has been extended out by natural causes or arti-
ficially such public street keeps even pace with such ex-
tension of the shore line, and that when such extension
reaches privately owned abutting property the owner of
such abutting property has the right to the full and free
use of such extended street to and from his abutting
property, and that when such abutting owner lands goods
from water craft directly upon his own abutting prop-
erty, he has the right to transport such goods across or
along such extension of the street without the payment
of wharfage charges.

The judgment of the court below is hereby reversed
at the cost of the defendant in error.

All concur, except PARKHILL, J., absent on account of illness.