PER CURIAM.
The appellant, suing on its own behalf and for all persons and corporations similarly situated, filed suit in equity in the circuit court for Dade County for declaratory decree and certain relief, as shown by the prayer of the complaint which was as follows:
“1. To declare whether or not the defendant under the provisions of its charter and the laws and Constitution of the State of Florida, has the power to limit to pedestrian use except at intersections, and except for such vehicles designed and intended for the convenient carriage of the public, that portion of Lincoln Road lying between the west side of Washington Avenue and the east side of Alton Road, in the City of Miami Beach.
“2. To declare whether the defendant under the provisions of its charter and the laws and Constitution of the State of Florida, has the power to construct a promenade, mall, or walk on Lincoln Road from the west side of *184 Washington Avenue to the east side of Alton Road, in said City of Miami Beach, Florida.
“3. In the event that this court declare that the defendant has the right to construct a promenade, mall or walk on Lincoln Road from the west side of Washington Avenue to the east side of Alton Road, and to limit such promenade, mall or walk to pedestrian use except at intersections, and except for such vehicles designed and intended for the public on said promenade, mall or walk, to declare whether such proposed construction is of benefit to the abutting property owners and, if so, to what degree, and to declare whether the cost thereof, or any part thereof, can be levied against abutting property as a special tax assessment.
“4. That this court enjoin the defendant from proceeding further with the letting of contracts for the construction of the described promenade, mall or walk, and from expending any city funds directly or indirectly for the purpose of construction of such promenade, mall or walk, until a full determination and declaration has been made by this court.”
The defendant city filed an answer denying the allegations relating to the benefits for which special assessments were proposed, and admitting the remaining allegations of the complaint. The chancellor heard the cause and entered the declaratory decree from which the plaintiff below has filed this appeal.
The matters involved in the suit and the law applicable thereto as determined by the chancellor are set forth fully in his decree, which we here quote as follows:
“This Cause came on to be heard upon the complaint, the answer and the testimony taken by and before the Court, and the Court being advised in the premises, finds that it has jurisdiction of the parties to this suit and jurisdiction of the subject matter, that the suit is a proper one for invoking the provisions of chapter 87, Florida Statutes, [F.S.A.], and that the parties are entitled to a declaration of their rights, duties and obligations. It is accordingly,
“Ordered, Adjudged and Decreed as follows:
“1. The Charter of the City of Miami Beach, being Chapter 7672, Laws of Florida, 1917, as amended, was properly amended by proceedings culminating in the holding of an election by qualified electors of said city on June 2, 1959, in which there was added to said charter, Section 7^, which provides that the City of Miami Beach shall have power to regulate or prohibit all vehicular traffic in or orr designated streets or parts thereof, and to limit the use of such streets, in whole or in part, to pedestrian traffic as a promenade walk or mall, and to-assess abutting land for the cost of the construction thereof in the manner set forth in Sections 29 and 30 of said Charter.
“2. Lincoln Road as it extends from-the west side of Washington Avenue to the East side of Alton Road is one-of the main business streets in the City of Miami Beach and the shops thereon for many years have set standards for quality of merchandise and objects sold therein, with the result that the value of properties on said street and the income derived therefrom have been considered as prime investments for the class to which they belong-Competition which has developed in other areas of the Beach in recent years, and trends which cannot be defined so easily have operated adversely to affect the position formerly held by the shops and business houses operating on Lincoln Road, with the result that a joint effort has been made by the: *185 merchants doing business on that street to find a way to retard this movement and to recapture the popularity and patronage which was formerly enjoyed. To this end the City Council was prevailed upon by persons owning property abutting and persons doing business on said street to invoke the provisions of Section 7yi of Chapter 7672, Laws of Florida, 1917, as amended, and to convert Lincoln Road into a promenade or mall from which there would be excluded, in part, all vehicular trafiic. It is proposed that the existing sidewalks and roadway be removed in whole or in part; new walks or pavements put in; walks, ramps and intersections installed; that the area be landscaped and suitable sprinkler system, fountains, pools, walls, shelters and seats be built, the whole plan to have necessary drainage and general and ornamental illumination systems.
“3. As a result of the request for such work to be done by the persons interested as property owners or merchants on said street, the City adopted Resolution No. 10243 providing for the construction of the aforesaid mall and directing the City Engineer and other City officials to take requisite steps, as provided for in Chapter 7672, to accomplish the doing of said work and the levying of special assessments against the abutting property to defray the cost thereof. All of the cost is to be assessed against such abutting property, as appears from certified copies of the proceedings of the City Council of the City of Miami Beach, which were admitted in evidence.
“4 Pursuant to the administrative proceedings had in accordance with the sections of the City Charter above referred to, objections were heard to the making of said assessments and such objections as were made were overruled, and thereupon this suit was brought for the determination of the legality of such assessments.
“5. The City of Miami Beach possesses plenary power under its charter to do the work herein and in Resolution No. 10243 described, and the property herein and therein referred to will be specially benefited by the doing of said work and will, as a result thereof, enjoy and receive a benefit from the construction of said improvement separate and apart from any benefit which conceivably might result to the properties in other parts of said city. The said benefit is of such a special and peculiar nature to the properties in said Resolution No. 10243 described that the City Council of said City was justified in its finding that such benefits would be derived therefrom and is also justified in imposing special assessments equal to the cost of said improvements to be assessed according to the front foot rule against said abutting property, as provided in said resolution and in said proceedings, and the said proceedings are regular, legal and valid in all respects and the assessment liens will be legal and valid to the extent of the cost thereof when imposed upon said property.
“Done and Ordered at Miami, Dade County, Florida, this 8th day of March, 1960.”
Upon examination of the record and briefs, it is the conclusion of this court that the appellant has failed to demonstrate error, and the decree appealed from is, therefore,
Affirmed.
HORTON, C. J., and PEARSON and CARROLL, CHAS., JJ., concur.