MANN, Chief Judge.
Does Palm Avenue go to the Manatee River? Yes. The trial judge’s decision to the contrary rests on a misapprehension of the law as it relates to riparian rights.
Since 1897 various plats have shown streets in the former Town of Ellenton extending southward to the waters of the Manatee River. Lying between these streets were undesignated parcels, ostensibly of land, but actually of mangrove and worse. In fact, at the foot of Palm Avenue there was, until a dozen years ago, Rock Creek, into which citizens launched boats and, after a short passage around mangrove swamps, reached the river. The trial judge’s finding that prior to filling Rock Creek was “totally inaccessible to any vehicular traffic” misses the mark. We find no case requiring vehicular access, and there are strong suggestions that such a requirement would defeat public access to many beaches. See Indian Rocks Beach South Shore v. Ewell, Fla.1952, 59 So.2d 647.
We find further that the trial judge’s finding that “none of these plats purport to be plats of the land involved in this case” is unsupported by the record. The latest plat, filed by Noble, who later quitclaimed the west half of Palm Avenue to Votey, who fenced it, contains a description which excludes the peripheral roads, but which also includes a statement that the Nobles and Martins “have caused to be made the attached plat entitled ‘Noble Park’ and do hereby dedicate the streets — avenues, drives and easements shown hereon, to the perpetual use of the public.” The intention to confirm the location of Palm Avenue as shown on the earliest plat is clear. Both the earliest and latest plats show this street' as going to the Manatee River.
It is true that some intermediate plats do not extend the street lines into the river and show some blank space uncrossed by the lines of the streets shown on the original plat lying between the river and the surveyed lots. But it is undisputed that for many years public access to Rock Creek via Palm Avenue was unimpeded, although a vehicle could not negotiate it. By filling, Votey has simply extended the public’s right as well as his own, lengthening Palm Avenue until now it enters navigable water farther south. This result is required by decisions of our Supreme Court, all of which are inharmonious with the judgment appealed from. See Malo-ney, Plager, Baldwin, Water Law and Administration, § 34, and cases therein cited.
*721 In Frater v. Baylen Street Wharf Co., 1909, 57 Fla. 63, 49 So. 188, the Supreme Court said that "a public street leading to navigable waters will keep even pace with the extension of the land, whether the change in the land be due to natural causes or to the voluntary act of the owner of the land.” The dedication is as strong, and its acceptance stronger, here than in Indian Rocks Beach South Shore v. Ewell, supra. We find no support for the appellees’ position in other cases cited.
In this case the question was erroneously perceived to be whether the County had acquired a right of way by maintenance, pursuant to Fla.Stat. § 337.31, F.S.A. (1971), when in fact the question was whether there had been an abandonment of a dedicated street.
Reversed and remanded.
HOBSON and McNULTY, JJ., concur.