# LOGAN v CITY OF CLEARWATER

Case No. 84-6774-15

Sixth Judicial Circuit, Pinellas County

March 11, 1986

## APPEARANCES OF COUNSEL

Stephen O. Cole for plaintiffs.

Milton A. Galbraith, Jr., City Attorney, and Francis X. Kowalski, Jr., Assistant City Attorney, for defendant.

## OPINION OF THE COURT

GERARD J. O'BRIEN, JR., Circuit Judge.

### FINAL JUDGMENT

The Plaintiffs, FRANK C. and SUZANNE K. LOGAN, sued the Defendant, CITY OF CLEARWATER (herein, the "City"), for declaratory and injunctive relief to determine their rights as the owners of a platted lot adjoining a portion of a dedicated but unimproved street, shown as Palmer Road on the plat of Carlouel Subdivision on Clearwater Beach and referred to herein as the "street parcel".

The Plaintiffs alleged that they improved and maintained Palmer Road with landscaping, but that the City now intends to clear certain of the landscaping and to develop the street into a park area. Also, they alleged that the City intended to treat other similar street parcels differently, in violation of the Equal Protection Clause of the United States and Florida Constitutions.

In Count II of their Complaint, the Plaintiffs also alleged a violation of the Public Records Law, Chapter 119, Florida Statutes, and requested attorney's fees for the prosecution of this case.

The City answered that it had accepted the street parcel in 1925, used it as a pedestrian access road, and mowed and trimmed it. The City alleged that it did not intend to develop the street parcel as a park, but intended to clear out unnecessary vegetation and maintain the street parcel as a public right-of-way and pedestrian access to the water.

The City answered Count II by alleging that the Plaintiffs failed to specify with particularity the documents which they sought to examine, but that the City nevertheless compiled certain information and made it available to the Plaintiffs. The City denied violating the Public Records Law.

The case was tried before the Court on November 12, 1985.

2

## FINDINGS OF FACT

From the pleadings, exhibits and testimony, the Court makes the following findings of fact:

1. The property at issue (the "street parcel") is a 60-foot wide parcel of land shown as "Palmer Road" on the plat of Carlouel Subdivision on Clearwater Beach.

2. The street parcel first appeared on the plat of Mandalay Subdivision (herein, the "1925 plat"), which according to the face of the plat was approved by the City on or about December 2, 1925, and recorded on December 12, 1925. A portion of the subdivision was replatted as Carlouel Subdivision (herein, the "1934 plat"). The 1934 plat was approved by the CIty on or about June 3, 1934, according to the face of the plat, and recorded on June 21, 1934. The street parcel obtained the name "Palmer Road" from the 1934 plat, which shows the street parcel as extending from Mandarin Way easterly to a tract shown as "Water lot 'A'," which is submerged and has never been developed.

3. The Plaintiffs acquired the lot adjoining and south of the street parcel in 1977. They have maintained certain vegetation on the street parcel, including irrigation by means of a sprinkler system.

4. The 1925 plat dedicated all streets shown on the plat "to public use". The 1934 plat dedicated "to the use of the public forever all streets and avenues" shown upon the plat, including the street parcel.

5. The street parcel has never been improved for motor vehicular traffic. It has been landscaped by the Plaintiffs, or their predecessors in title to the Plaintiffs' lot, with plant materials including a hedge across the west end of the street parcel, two other hedges, an oleander, a Brazilian pepper, several legustrums and a citrus tree.

6. In 1978, the City commenced efforts to remove vegetation from the street parcel, and also from approximately 35 other street ends on Clearwater Beach and Sand Key. At the City's request, the Plaintiffs removed certain vegetation from the street parcel in 1978 in order to provide public access to the property.

7. In February, 1984, the City again requested or ordered that the owners of lots adjoining street ends on Clearwater Beach remove vegetation in order to open the street ends for public use. The Plaintiffs were requested or ordered to cut the hedge across the west end of the street parcel to a height of 30 inches, reduce its length, trim the Brazilian pepper, and remove a substantial amount of other vegetation including the hedges. This request prompted this action.

8. The requests or orders by the City in 1984 to the owners of lots

**3**

adjoining various street ends were made following an evaluation by the City Manager and members of his staff of each of the street ends. Following the evaluations, the City Manager made recommendations to the City Commission as to what action, if any, should be taken to improve public access to and across the street ends in order to eliminate deterrents to public access to Clearwater Bay and the Gulf of Mexico.

9. The Plaintiffs and the owners of lots adjoining other street ends were given an opportunity to address the City Commission during public hearings held for that purpose, prior to the City Commission's deciding what course of action should be taken as to each street end.

10. The Plaintiffs' claim under the Public Records Law is based upon a demand in the form of letter from their attorney to the City Manager dated March 16, 1984, as follows:

> Under the provisions of Chapter 119 of the Florida Statutes, I would hereby like to make request for examination, and obtaining copies, of public records of the City of Clearwater. Those records I would like to examine at this time are comprised of all correspondence, memorandums, communications, transcripts of hearings and meetings, as may relate to the proposed clearing of Palmer Street at Clearwater Beach from June 1, 1983 through the present date.

> Please let me know when and where these records may be examined.

11. In response to that request, the City Manager responded with a letter dated April 3, 1984, which states in pertinent part as follows:

> Developing and obtaining the amount of information you are requesting would be extremely time consuming since, in some instances, it will be found in many different departments. I do not feel that I can use personnel to accumulate this information unless you are willing to pay for the search involved. I am not in any way precluding you from coming in and inspecting records and indicating to use those documents you wish to have copied.

> I can assure you we will be most happy to make that information available to you once you indicate the information you desire.

12. In response, the Plaintiffs' attorney wrote to the City Manager on April 20, 1984, to say that he agreed to pay the costs involved in "accumulating" the documents for review and copying.

13. On May 10, 1984, the City Manager notified the Plaintiffs' attorney that he had directed City staff to accumulate the various documents for review, and to keep track of their time for appropriate billing. Approximately six weeks later, on June 19, 1984, the Plaintiffs'

4

attorney was notified that the documents would be available for pick up. The Complaint in this action was filed during the interim between the May 10 and June 19 letters.

## CONCLUSIONS OF LAW

Upon the foregoing facts, the Court makes the following conclusions:

1. The street parcel was properly and effectively dedicated for the use of the public as a public right-of-way by both the 1925 plat and the 1934 plat.

2. The City has accepted the dedication of the street parcel.

3. The public has a right to use the street parcel in any manner consistent with the use of a public right-of-way generally. The public use is not limited to motor vehicular traffic, but includes pedestrian access. *Town of Palm Beach v. Palm Beach County*, 313 So.2d 770 (Fla. 4th DCA 1975); *County of Manatee v. Votey*, 293 So.2d 719 (Fla. 2d DCA 1974); *Gamma Realty Inc. v. City of Miami Beach*, 121 So.2d 183 (Fla. 3d DCA 1960).

4. The City, as a Florida municipality, had the right to accept the dedication of the street parcel on behalf of the public, and has the right to develop, use and maintain the street parcel for any use appropriate to a public right-of-way, including pedestrian access.

5. The Plaintiffs, as adjoining property owners, own to the center line of the street parcel, but their ownership is subject to the burden of the public right-of-way. The Plaintiffs may not use the street parcel for any purpose which interferes with the public's right of access and use.

6. The City did not abuse its discretion in determining that certain of the landscaping in the street parcel interfered with the public's right of access and use. The landscaping creates the appearance that the street parcel is owned by the Plaintiffs and their neighbors to the north and is not open to the public, and also physically impairs access to the street parcel.

7. The order by the City to the Plaintiffs to remove or trim certain shrubbery and to trim the Brazilian pepper tree is not unreasonable or improper under the circumstances.

8. The City did not single out the Plaintiffs for special treatment, but treated all owners of similarly situated property alike. The Plaintiffs' right to the equal protection of the law was not infringed upon.

9. The Plaintiffs, by landscaping the street parcel and installing an irrigation system, obtained no property interest in the street parcel, and

**5**

their consent is not required in order for the City to make improvements to the street parcel.

10. With respect to the Public Records Law, three months transpired between the Plaintiffs' request to examine and copy public records of the City and the City Manager's response that the information had been compiled and was available in his office. If *The Tribune Company v. Cannella,* 438 So.2d 516 (Fla. 2d DCA 1983), were applicable to this case, that delay would be unacceptable; however, that case is inapplicable upon the facts of this case. In *Cannella,* a newspaper publisher, acting through a reporter, requested access to specific employee records, was told that the City of Tampa's policy was to postpone compliance with such requests for a seven day period, and filed a petition for writ of mandamus, all in the same day. Here, by contrast, the Plaintiffs' request for access to City records was stated much more broadly, and included documents not likely to be located without an interdepartmental search of City offices. The City's response was that time would be required to "accumulate" the records. The Plaintiffs, through their attorney, were not precluded from going into City Hall and inspecting the records for themselves, and the City Manager effectively invited them to do so in his April 3, 1984, letter. Under the Public Records Law, the obligation of the City is to permit those records which are not exempt from public inspection to be inspected and examined by any person desiring to do so, at reasonable times, under reasonable conditions, and under supervision by the custodian of the records or his designee. Section 119.07(1)(a), Florida Statutes. The City Manager is not obligated to conduct an interdepartmental search for public records on a specific subject (in his words, to "accumulate" them), except to the extent that he may be doing so already as a matter of day-to-day routine. After agreeing to allow the City Manager to gather the documents from the various departments, and after engaging in a leisurely exchange of correspondence during a three month period, the Plaintiffs may not now invoke *Cannella* to demand a response by the City more quickly than they requested then. The City did not violate the Public Records Law.

Now, therefore, it is ORDERED, ADJUDGED AND DECREED that Plaintiffs, Frank C. Logan and Suzanne K. Logan, take nothing by this action and the Defendant, City of Clearwater, goes hence without day.

ORDERED in Clearwater, Florida, this 11th day of March, 1986.